IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DANY DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 1:20-cv-0265 (RDA/IDD) |
| ) | |
| SCOTT MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This matter comes before the Court on Defendant Scott Management, Inc.'s ("Defendant") Motion to Dismiss or Alternatively, for Summary Judgment, or for a More Definite Statement ("Motion"). Dkt. 6. Considering Plaintiff Dany Davis's ("Plaintiff") Complaint (Dkt. 2), the Motion, Defendant's Memorandum in Support of the Motion (Dkt. 6-1), Plaintiff's Memorandum of Points and Authorities in Opposition to the Motion ("Opposition") (Dkt. 10), and Defendant's Reply in Support of the Motion ("Reply") (Dkt. 16), and for the following reasons, it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part.

### I.  BACKGROUND

#### A.  Factual Background

Plaintiff is an African American woman who has been diagnosed with a hearing impairment. Dkt. 2, ¶ 7. Defendant is a "residential property management company in Northern Virginia." *Id*. at ¶ 6. In October of 2013, Defendant employed Plaintiff as a leasing consultant. *Id*. a ¶ 7. In that capacity, Plaintiff "was responsible for receiving applications from prospective tenants, inputting the applications into an electronic management system, receiving decisions on the applications[,] and providing the response to the tenant or potential tenant." *Id*.

Plaintiff maintains that Defendant's employees "failed to accommodate [ ] [Plaintiff's] hearing impairment, discriminated against her due to her impairment, and subjected her to a hostile work environment until her termination on August 1, 2018." Dkt. Nos. 10, 2; 2, ¶¶ 7-15. Plaintiff further contends that Defendant's employees "subjected [ ] [Plaintiff] to a hostile work environment based on her race and national origin by further impeding her ability to understand when the Hispanic employees communicate[d] work matters in Spanish . . . ." *Id.*

B.  Procedural Background

On March 9, 2020, Plaintiff commenced this action in this Court alleging that Defendant (1) discriminated against her on the basis of her disability, subjected her to a hostile work environment, and failed to accommodate her disability in violation of the Americans with Disabilities Act ("ADA") ("Count One"); and (2) subjected Plaintiff to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") ("Count Two"). Dkt. 1. On June 30, 2020, Defendant filed the instant Motion (Dkt. 6), and on July 14, 2020, Plaintiff opposed the Motion (Dkt. 10). On July 20, 2020, Defendant filed its Reply. Dkt. 16.

The Court dispenses with oral argument as it would not aid in the decisional process. Local Civil Rule 7(J); Fed. R. Civ. P. 78. This matter is now fully-briefed and ripe for disposition.

II.  STANDARD OF REVIEW

A.  Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) . . . requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

2

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible under this standard when a plaintiff pleads factual content sufficient for a court to make a reasonable inference that a defendant is liable. *Id.* Allegations that are conclusory are "not entitled to be assumed true." *Id.* at 681 (citing *Twombly*, 550 U.S. at 554-55). A court should "construe facts in the light most favorable to the plaintiff and draw all reasonable inferences in [her] favor . . . [but] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (internal citations and quotation marks omitted).

Though generally, "extrinsic evidence should not be considered at the 12(b)(6) stage," the United States Court of Appeals for the Fourth Circuit has opined that "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiff[] do[es] not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). Further, this Court has recognized that "[a] document is integral to the complaint where it is significantly related to a cause of action, and it is authentic when it is not in dispute by the opposing party." *McGlothian v. Fralin*, No. 3:18-cv-507, 2019 WL 1087156, at *7 (E.D. Va. Jan. 23, 2019) (citations omitted).

B. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Under such circumstances, "[a]ll parties

3

must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." *Anderson*, 477 U.S. at 247-28. A "material fact" is one that might affect the outcome of a party's case. *Id*. at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material fact" arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the non-moving party's favor. *Anderson*, 477 U.S. at 248. Rule 56(e) requires the non-moving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

III.  ANALYSIS

In its Motion, Defendant requests that the Court do one of the following: (1) dismiss this action pursuant to Rule 12(b)(6); (2) grant summary judgment in Defendant's favor under Rule 56; or (3) require Plaintiff to amend her Complaint "to provide a more definite statement of her claims, specifically with respect to the timeliness of the submission of her charge to the [Equal Employment Opportunity Commission ("]EEOC["]." Dkt. 6-1, 4-6.  Defendant maintains that these actions are appropriate because Plaintiff did not timely serve Defendant and has not and cannot allege that she timely filed this action with the EEOC prior to filing suit in this Court.  *Id*. at 4-10.

Plaintiff counters that Defendant's Motion should be denied for two reasons.  First, "because . . . [Plaintiff's] [C]omplaint allegations and proffered evidence of her formal [C]omplaint overcome [ ] [Defendant's] exhaustion argument." Dkt. 10, 2.  Second, because she believes "dismissal is an extreme remedy when [ ] [Defendant] acknowledges actual notice of the [C]omplaint documents two days after the deadline, especially considering the special circumstances surrounding the COVID-19 pandemic that led to the delay in service." *Id*.  Plaintiff does not directly address Defendant's request that she provide a more definite statement of the timeliness of her EEOC filing.  *See generally*, Dkt. 10.

Additionally, the Court observes that Plaintiff and Defendant have attached exhibits to their respective Opposition and Motion, which were not attached to Plaintiff's Complaint.  *See* Dkt. Nos. 6-2; 6-3; 6-4; 6-5;10-1; 10-2.  Thus, as a threshold matter, this Court will address whether consideration of those documents is appropriate under Rule 12(b)(6), and if not, whether this Court will construe Defendant's Motion as one for summary judgement.  *See* Rule 12(d); *see also Am.*

*Chiropractic Ass'n*, 367 F.3d at 234 (quoting *Phillips*, 190 F.3d at 618). Thereafter, this Court will assess the merits of Plaintiff's argument under the appropriate standard.

### A.  The Motion Will Be Construed as One for Summary Judgment

The first issue before the Court is whether the exhibits that the parties have attached to their Motion and Opposition may be considered under Rule 12(b)(6), or whether this Court must consider those documents under a summary judgment standard of review. For the reasons that follow, the Court will review those exhibits and Defendant's Motion under a summary judgment standard.

Defendant has attached four exhibits to its Motion. Dkt. Nos. 6-2; 6-3; 6-4; 6-5. Plaintiff has attached two exhibits to her Opposition. Dkt. Nos. 10-1; 10-2. None of these exhibits were attached to or incorporated by reference in Plaintiff's Complaint. *See generally*, Dkt. 2.

The Fourth Circuit has held that documents that are "integral to and explicitly relied on in the complaint" may be considered under the Rule 12(b)(6) standard of review "[if] the plaintiff[] do[es] not challenge [ ] [their] authenticity." *Am. Chiropractic Ass'n*, 367 F.3d at 234 (quoting *Phillips*, 190 F.3d at 618).

Here, Plaintiff does not challenge the authenticity of the exhibits in question. *See generally*, Dkt. 10. Therefore, this Court is tasked with ascertaining whether those exhibits are "integral to and explicitly relied on in the [C]omplaint" such that they may be considered under a Rule 12(b)(6) standard of review. The Court finds that with the exception of one exhibit, Dkt. 6-2, none of the exhibits attached to the parties' Motion and Opposition were "explicitly relied on" by Plaintiff in her Complaint. *Compare*, Dkt. 2, *with*, Dkt. Nos. 6-3; 6-4; 6-5; 6-6; 10-1; 10-2. Accordingly, this Court will construe Defendant's Motion as one for summary judgment and review the Motion through a summary judgment lens (*supra*, p. 3-4).

B.  Untimely Service

The second issue before the Court is whether the Court should grant summary judgment in favor of Defendant because Plaintiff did not timely serve Defendant. Dkt. 6-1, 4-6. Federal Rule of Civil Procedure 4(m) provides in relevant part that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). This Court has found that:

> [a]mong the many factors bearing on the good cause inquiry are (i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's *pro se* status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been extended.

*Robinson v. GDC, Inc.*, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016) (citing *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 959 (8th Cir. 2010); *Newby v. Enron Corp.*, 284 Fed. App'x. 146, 149–51 (5th Cir. 2008); *Carter v. Keystone*, 278 Fed. App'x. 141, 142 (3d Cir. 2008); *Melton v. Wiley*, 262 Fed. App'x. 921, 924 (11th Cir. 2008); 4B Wright & Miller, Federal Practice & Procedure: Civil § 1137 at 349 n. 24 (2015)).

Here, Plaintiff effectively concedes that she served Defendant more than 90 days after she filed her Complaint in this Court. Dkt. 10, 3 ("When [ ] [Plaintiff's] counsel realized that service in the case at bar was incomplete, the waiver, [C]omplaint, and summons were immediately prepared and sent to [ ] [Defendant's] counsel on June 10, 2020 – two days after the June 8, 2020 deadline for service."). Nevertheless, Plaintiff urges that she had good cause for the delay. *Id.* at 6-7. She maintains that this is so because (1) she "has not previously requested an extension[;]"

7

(2) "there [was] no bad faith attempt to delay litigation and the delay was partially caused by factors outside of [Plaintiff's counsel's] control[;]" (3) "dismissal would prejudice [ ] [Plaintiff]" because at this juncture, she would be time-barred from refiling; and (4) Defendant would not be prejudiced by the delay because it already had actual knowledge of the action far in advance of the service deadline. Dkt. 10, 6-7. As for her second point, Plaintiff points to the novel COVID-19 pandemic and the protests surrounding the killing of George Floyd as the factors beyond her control which precluded her timely submission.

The Court recognizes the tremendous impact that global and national events have had on the way we all carry out our daily lives. *See* 2:20-mc-7 (district-wide General Orders setting forth the Court's response to the COVID-19 pandemic). Nevertheless, these events do not preclude counsel nor the Court from adhering to the Federal Rules of Civil Procedure and the deadlines contained therein. Ultimately, "the delay was in [ ] [P]laintiff's control." *Robinson*, 193 F. Supp 3d at 580.

Still, the Court recognizes that should it dismiss this action because of Plaintiff's untimely service, as a matter of fact, Plaintiff will be precluded from refiling this action given that the 90-day window in which she was required to file after the conclusion of her EEOC proceedings, will have elapsed. The Court also recognizes that at least as early as March 30, 2020, Defendant had actual notice of this action. *See* Dkt. 6-5. Thus, on the one hand, if this Court dismisses this action, Plaintiff will be barred from refiling. On the other hand, Defendant will not be prejudiced by the two-day delay particularly when it already knew of the action far in advance of the Rule 4(m) deadline.

Considering this, the Court finds that Plaintiff has shown good cause, and the Court will not grant summary judgment for Defendant on the basis of untimely service.

8

C. Exhaustion of Administrative Remedies

However, this Court will grant summary judgment for Defendant because of another instance of Plaintiff's untimeliness. The third issue before the Court is whether summary judgment should be granted in favor of Defendant because Plaintiff "failed to file her administrative charge with the EEOC or deferral agency within 300 days from the purportedly discriminatory acts." Dkt. 61, 7.

Here, Plaintiff brings claims of discrimination, hostile work environment, and failure to accommodate against Defendant under Title VII and the ADA. Dkt. 2, ¶¶ 17-30. Those statutes:

> require claimants to file a charge with the . . . EEOC [ ] within 180 days of the alleged unlawful employment practice, unless within that period the claimant had initially instituted proceedings with a state or local agency, in which case the charge must be filed with the EEOC within 300 days. When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court.

*McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994) (citations omitted). "In the case of a state, such as Virginia, that has a deferral agency, the plaintiff must file her EEOC charge within 300 days of the alleged discriminatory act." *Munive v. Fairfax Cnty. Sch. Bd.*, 700 Fed. App'x. 288, 289 (4th Cir. 2017).

In this matter, the parties agree that the latest alleged discriminatory action took place on August 1, 2018, when Defendant terminated Plaintiff's employment. Dkt. Nos. 6-1, 9; 10, 2; 2, ¶ 15. Therefore, Plaintiff had until May 28, 2019, to file her action with the EEOC. *Munive*, 700 Fed. App'x. at 289. However, the EEOC "Charge Detail Inquiry" form indicates that the date of Plaintiff's "INITIAL INQUIRY" was June 3, 2019, thereby suggesting that the action was not filed with the EEOC until that date. Dkt. 6-3, 2. This finding is further supported by the "DISMISSAL AND NOTICE OF RIGHTS" form provided by the EEOC to Plaintiff. Dkt 6-4. That document reflects that the EEOC dismissed Plaintiff's action because it was "not timely filed

with the EEOC" as that agency found that Plaintiff "waited too long after the date[s] of the alleged discrimination to file [ ] [her] charge." Dkt. 6-4.

Yet, to demonstrate that her submission to the EEOC was timely, Plaintiff relies on a letter that she received from the Virginia Employment Commission's ("VEC") Human Relations Manager, Shirley M. Bray-Sledge ("Ms. Bray-Sledge"). Dkt. 10-1. In that letter, Ms. Bray-Sledge informed Plaintiff that the VEC had received Plaintiff's "complaint of discrimination dated May 24, 2019," but because the VEC did "not have the authority to investigate the matter that [ ] [Plaintiff] brought to [ ] [its] attention[,]" the VEC kindly "forwarded [ ] [Plaintiff's] complaint" to the EEOC. *Id*. Ms. Bray-Sledge's letter was dated May 28, 2019. *Id*. Plaintiff argues that because the letter was dated May 28, 2019, that indicates that her filing with the EEOC was timely. Dkt. 10, 5. The Court disagrees.

While it may be that the VEC *forwarded* Plaintiff's complaint to the EEOC as late as May 28, 2019, that does not necessarily mean that the EEOC *received* Plaintiff's complaint by that date. Indeed, a "charge is deemed to be filed" with the EEOC upon the EEOC's "*receipt* of the [charging] document." 29 C.F.R. § 1601.13 (a)(4)(ii)(A) (emphasis added). Thus, it is irrelevant when the VEC graciously forwarded Plaintiff's complaint to the EEOC. The probative question is when did the EEOC *receive* Plaintiff's complaint. The evidence before the Court suggests that the EEOC received Plaintiff's complaint on June 3, 2019, thereby constituting an untimely submission.

In reviewing a motion for summary judgment, summary judgment is only appropriate where there is "no genuine dispute of material fact." *Anderson*, 477 U.S. at 248. While there is a dispute concerning a material fact – namely, the date on which the EEOC received Plaintiff's complaint, *see* Dkt. Nos. 6-1, 9; 10, 5 – that dispute is not "*genuine*" because there is not sufficient

10

evidence for a finding in Plaintiff's favor. *See Anderson*, 477 U.S. at 248. Based on the evidence extrinsic to the Complaint, there is no genuine issue for trial because it is clear that Plaintiff has not timely exhausted her administrative remedies. *See Celotex Corp.*, 477 U.S. at 324 (1986). Accordingly, this Court must grant summary judgment in Defendant's favor.

D. A More Definite Statement of Timely Exhaustion of Administrative Remedies

Because this Court finds it appropriate to grant summary judgment in Defendant's favor, this Court will not require Plaintiff to amend her Complaint to provide more specificity regarding the timeliness of her filing with the EEOC.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, Defendant's Motion (Dkt. 6) is GRANTED in part and DENIED in part.

It is SO ORDERED.

Alexandria, Virginia
December 4, 2020

/s/
Rossie D. Alston, Jr.
United States District Judge